Filed 3/30/22  Trigueros v. Workers' Compensation Appeals Bd. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ROGELIO TRIGUEROS,<br><br>Petitioner,<br><br>v.<br><br>WORKERS' COMPENSATION APPEALS BOARD and GONZALEZ AG, INC. et al.,<br><br>Respondents. | F083323<br><br>(WCAB No. ADJ13190781)<br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of review from a decision of the Workers' Compensation Appeals Board.  Deidra E. Lowe and Craig Snellings, Commissioners, and Anne Schmitz, Deputy Commissioner.  Marilen Zinner, Workers' Compensation Administrative Law Judge.

Law Offices of Sef Krell and Sef Krell for Petitioner.

Allison J. Fairchild for Respondent Workers' Compensation Appeals Board.

No appearance for Respondents Gonzalez Ag, Inc. and Star Insurance Company.

-ooOoo-

_____

[*]    Before Detjen, Acting P.J., Smith, J. and Snauffer, J.

**BACKGROUND**

In April 2020, petitioner Rogelio Trigueros filed a claim for workers' compensation benefits claiming injury to his upper extremities, shoulders, arms, hand and fingers through February 19, 2020, while employed as a farm laborer for respondent Gonzalez Ag., Inc. (employer).

On May 4, 2020, employer's insurance carrier mailed a Notice Regarding Delay of Workers' Compensation Benefits from Kansas City, Missouri, to petitioner in California. Sixteen days later, petitioner requested and obtained a panel of three chiropractic Qualified Medical Evaluators (QME panel) eligible to evaluate petitioner's workers' compensation claim pursuant to Labor Code sections 4060, subdivision (c) and 4062.2, subdivision (b).[1] Employer challenged the timing of petitioner's request for a QME panel and the matter proceeded to trial, resulting in the workers' compensation administrative law judge (WCJ) concluding the panel was valid.

Employer petitioned the WCAB for removal of the WCJ, which the WCAB subsequently deemed a petition for reconsideration. Employer argued it suffered significant prejudice because the WCJ's ruling deprived it of its opportunity to request the medical specialty by allowing petitioner to request a QME panel after only 16 days from the mailing of the delay notice from out of state, rather than adding 10 additional days to the minimum section 4062.2 10-day waiting period per the general mail delay extension provision under Code of Civil Procedure section 1013, subdivision (a) (CCP § 1013). In an August 4, 2021, Opinion and Decision after Reconsideration agreeing with employer, the WCAB replaced the WCJ's finding with its own finding that the QME panel was invalid because petitioner prematurely requested it before waiting 20 days from mailing of the Delay Notice. In doing so, the WCAB stated it applied its

---

[1]     Further statutory references are to the Labor Code, unless otherwise indicated.

own rules as set forth under California Code of Regulations, title 8, section 10605 (WCAB rule 10605) rather than the more general CCP § 1013 mail delay provisions.

## DISCUSSION

The WCAB's findings and award must be upheld if supported by substantial evidence in light of the entire record.  (Labor Code, § 5952; *LeVesque v. Workers' Comp. Appeals Bd.* (1970) 1 Cal.3d 627.)  Meanwhile, "[q]uestions of statutory interpretation are, of course, for this court to decide."  (*Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233.)

As the WCAB set forth in the challenged opinion, as well as its prior en banc decision in *Messele v. Pitco Foods, Inc.* (2011) 76 Cal.Comp.Cases 956 (*Messele*)[2] and as established under section 5316, the WCAB's own rules govern service of process and any applicable extensions of time to act where they differ from the more generally applicable provisions under CCP § 1013.  Differing from the Code of Civil Procedure, WCAB rule 10605 provides, in relevant part:

> "(a) When any document is served by mail, fax, e-mail or any method other than personal service, the period of time for exercising or performing any right or duty to act or respond shall be extended by:
>
>> "(1) Five calendar days from the date of service, if the place of address and the place of mailing of the party, attorney or other agent of record being served is within California;
>>
>> "(2) Ten calendar days from the date of service, if the place of address and the place of mailing of the party, attorney or other agent of record being served is outside of California but within the United States; [¶] … [¶]
>
> "(b) For purposes of this rule*, 'place of address and the place of mailing' means the street address or Post Office Box of the party, attorney or other agent of record being served*, as reflected in the Official Address

---

[2]    Modified on other grounds as stated in *Messele v. Pitco Foods, Inc.* (2011) 76 Cal.Comp.Cases 1187 and *Messele v. Pitco Foods, Inc.* (2011) 76 Cal.Comp.Cases 1318.

Record at the time of service, even if the method of service actually used was fax, e-mail or other agreed-upon method of service." (Italics added.)

WCAB Rule 10605, subdivision (b) expressly defines "place of address and the place of mailing" is a single defined reference to the location of the person being served; the location where any triggering mailing originates from is thus irrelevant. (See also former Cal. Code Regs., tit. 8, § 10507 similarly dependent only on "the physical address of the party … being served.")

In granting the present petition for writ of review, this court notified the parties that it appeared the WCAB based its determination on the out-of-state location where the claims administrator mailed the triggering delay notice from instead of the location where it served the notice on petitioner, and that pursuant to WCAB Rule 10605(a)(1), the WCAB instead should have added only five days to the statutory 10-day waiting period, for a total of 15 days, before considering the first day a party may validly request a QME panel. The WCAB responded that it agreed and requested this court annul the WCAB's decision and remand the matter for further proceedings.

After advising the parties the failure to respond to the WCAB's letter brief would be deemed agreement its requested relief may issue without further proceedings, the parties have not responded. Accordingly, this court grants the WCAB's request and remands the matter to the WCAB.

## DISPOSITION

The WCAB's August 4, 2021, Opinion and Decision after Reconsideration is vacated and the matter is remanded to the WCAB for further proceedings consistent with this opinion.

The parties shall bear their own costs before this court.

4